UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CORTEZ L. ANDERSON | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-53 |
| | ) | |
| HAMBLEN COUNTY SHERIFF'S | ) | |
| DEP'T; RON INMAN, Chief Jailer; | ) | |
| SCOTT PURKEY, JAMES COFFEY, | ) | |
| and JESSIE DIXON | ) | |
| | ) | |

## MEMORANDUM and ORDER

Cortez L. Anderson, an inmate at the Hamblen County Detention Center (HCDC), brings this *pro se* civil rights complaint for damages under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $250.00. Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)  twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;
       <u>or</u>
    (b)  twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on February 28, 2005. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[1]  *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the facility where the plaintiff is currently confined, to ensure full compliance with the fee-assessment procedures outlined above.

In his complaint, the plaintiff makes the allegations which follow. In August [the year is not specified], he was charged with driving under the influence of intoxicants and brought to the HCDC, where he was brutally assaulted by defendant officer Scott Purkey. Defendant Purkey choked him; the plaintiff pushed the defendant away; and the plaintiff was then escorted to the drunk tank and asked to remove all his clothing except his socks and underwear. Before he left the drunk tank, defendant Purkey shot him several times with a weapon that appeared to be an assault weapon. The plaintiff knocked on the door of the drunk tank to try to obtain a blanket

---

[1] Send the payments to:
    Clerk, USDC
    220 West Depot Street, Suite 220
    Greeneville, TN 37743

and was again shot. Cold water was thrown on the plaintiff, who at this time was practically nude, and he was also sprayed with mace by other guards. As a result of this episode, the plaintiff sustained 2nd and 3rd degree burns on his body.

He showed his injuries to a Mrs. Melanie Gregory, the State Facility Inspector, who told him that a riot gun had made those injuries. The plaintiff also discussed this incident with defendant Chief Jailer Ron Inman, who told him that defendant Purkey was not certified to use the riot gun. However, defendant Inman did not apologize to the plaintiff or express any sympathy towards him, and more important (to the plaintiff), defendant Chief Jailer failed to take disciplinary action against defendant Purkey.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Sixth Circuit has held that claims of excessive force must be

3

exhausted also. *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir.1999). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). In this case, the plaintiff makes many allegations involving the conditions and treatment to which he was subjected. In section II of his complaint, the plaintiff maintains that there is a grievance procedure in existence at the HCDC. He explains, however, that he did not present the facts relating to his complaint in a grievance because he spoke with defendant Inman personally. A verbal complaint to a prison official, which is made in lieu of utilizing an established grievance procedure, is insufficient to show administrative exhaustion of claims. *Shepard v. Wilkinson*, 2001 WL 1563934, *1 (6th Cir. Dec. 5, 2001) (finding that "a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claim") (citing *Freeman*, 196 F.3d at 644)). Thus, the plaintiff has failed to bear his burden of showing exhaustion as to the constitutional claims raised in his complaint.

A separate order will enter dismissing this action without prejudice to the plaintiff's right to refile it after he exhausts his administrative remedies

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
